UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

MICHAEL FRANK MYERS,

    Petitioner,

v.

MICHAEL SEPANAK, *Warden*,

    Respondent.

Civil Action No. 0:11-00067-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Michael Frank Myers, currently confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [D. E. No. 2].[1] As Myers has paid the $5.00 filing fee, the Court screens his § 2241 petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

---

[1] When Myers filed this § 2241 petition, J.C. Holland was the Warden of FCI-Ashland. As Michael Sepanek is now the Warden of FCI-Ashland, he will be substituted as the Respondent to this proceeding in place of Holland.

[2] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.

Myers alleges that because the federal government withheld material exculpatory information from him during his criminal trial, he was convicted of several serious drug offenses without due process of law in violation of the Fifth Amendment of the United States Constitution. Myers further contends that his trial counsel either did not request the exculpatory evidence or did not object to the government's failure to produce the exculpatory evidence, and that as a result, he received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

Because Myers has not demonstrated that his remedy in the federal court where he was convicted was an inadequate or ineffective means of challenging his conviction and sentence, or that other grounds exist entitling him to relief under § 2241, his petition will be denied, and this action will be dismissed.

## LITIGATION HISTORY

On March 8, 2007, a federal jury in Greenville, South Carolina, convicted Myers of one count of conspiracy to possess with intent to distribute marijuana, one count of maintaining drug-involved premises, and twenty-eight counts of knowing and intentional distribution of controlled substances. *United States v. Michael F.*

---

1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

*Myers*, 6:06-cr-01275-HMH-1( D. S.C. ) ("the Trial Court").

On May 30, 2007, the Trial Court sentenced Myers to a seventy-eight (78) month prison term. Myers appealed, but on May 21, 2008, the United States Court of Appeals for the Fourth Circuit affirmed his conviction in an unpublished decision. *United States v. Myers*, 279 F. App'x. 257 (4th Cir. 2008).

On March 10, 2009, Myers filed a motion in the Trial Court to vacate his sentence under 28 U.S.C. § 2255. At the Trial Court's instruction, Myers re-filed his § 2255 motion on the proper form on March 27, 2009, asserting three grounds on which he sought relief from his conviction and sentence.

First, Myers alleged that he had been denied effective assistance of counsel at trial by his counsel's failure to: (1) seek a continuance prior to trial; (2) familiarize himself with discovery materials and adequately prepare for trail; (3) highlight factual inconsistencies during cross-examinations of witnesses; (4) file a motion to suppress evidence obtained during the search of his home; and (5) provide sufficient assistance during sentencing. Second, Myers alleged that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence. Third, Myers alleged the search warrant issued for the search of his home on May 10, 2006, was improperly obtained and that the search of his home was unconstitutional.

On April 14, 2009, the Trial Court entered an eleven-page Opinion and Order

3

denying Myers' §2255 motion. *See United States v. Myers*, No. 6:06-1275-HMH, 2009 WL 1014335 (D.S.C. April 14, 2009). The Trial Court addressed the merits of each claim Myers asserted and determined that none of them warranted relieving him of his conviction and sentence. Myers appealed, but on November 12, 2009, the Fourth Circuit affirmed the Order denying Myers' § 2255 motion. *United States v. Myers*, 350 F. App'x. 810 (4th Cir. 2009).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Myers alleges that the government withheld exculpatory evidence consisting of: (1) an audiotape of a February 6, 2006, recorded conversation between him and an undercover Drug Enforcement Agency ("DEA") agent, wherein the DEA agent made a drug "buy" at Myers' office; (2) relevant parts of a transcript of the DEA's first interview with Adam Munson;, and (3) the actual prescriptions for narcotics that Myers had written for Gary Barton, which were used as evidence against him at trial to support Counts 3-14 of the Indictment. These claims fall under the Fifth Amendment of the United States Constitution, which guarantees due process of law.

Myers contends that had the government provided the above exculpatory evidence, he could have impeached the prosecuting witnesses and been exonerated on the charges relevant to that evidence. Myers admits that in his § 2255 motion, he argued that the government failed or refused to disclose the February 6, 2006,

4

audiotape, the redacted portions of the DEA interview transcript, and the Barton prescriptions, but he contends that the Trial Court erroneously rejected his arguments that the government improperly withheld that evidence.

Myers next alleges that his trial counsel failed to request the alleged exculpatory evidence, or that if he requested it, he failed to make the Trial Court aware of the government's refusal to disclose it. These claims fall under the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel in a criminal proceeding.

## DISCUSSION

### 1. Myers' 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. §

2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

In his § 2255 motion, Myers asserted the same *Brady* claims which he asserts now, *i.e.*, that the government violated *Brady* by failing to provide him with exculpatory evidence consisting of the undercover audiotape recording from February 6, 2006; copies of the prescriptions which Myers wrote for Gary Barton; and a complete transcript of the DEA's first interview of Adam Munson. The Trial Court determined that Myers had defaulted on these claims by failing to raise them on direct appeal, *see Myers*, 2009 WL 1014335 at *4, and that Myers had not shown cause or prejudice for failing to raise these *Brady* claims on direct appeal. *Id.*

The Trial Court noted that according to the record, Myers' trial counsel had in fact filed a motion asking the government to disclose various forms of electronic surveillance in its possession, and that his broad request would have included the February 2006 audiotape and un-redacted DEA transcript that Myers claimed his

counsel had never requested on his behalf prior to trial. *Id.*, at *5.[3] The Trial Court concluded that because Myers' counsel did not file a subsequent motion to compel turnover of the specific evidence which he had requested, Myers could not demonstrate that the government had failed or refused to provide his trial counsel with the audiotape and un-redacted DEA transcript. *Id.*

Trial Court rejected Myers' second *Brady* claim, that the government had improperly withheld the narcotics prescriptions he wrote for Gary Barton, for three reasons. *Id.* First, the Trial Court concluded that the alleged failure to disclose the Barton prescriptions did not deprive Myers of a fair trial because a "prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair

---

[3]

In it April 14, 2009, Opinion and Order, the Trial Court explained that:

On January 10, 2007, Warder [Myers' trial counsel] filed a motion to disclose electronic surveillance whereby he specifically requested:

> [a] copy of all transcripts, logs, tapes, recordings, including consent recordings, memoranda, notes and all other documents reflecting or relating to conversations between [Myers], and any other person or between any codefendant or alleged co-conspirator and any other person which was overhead [sic] by the Government or any person acting at its behest, either in person or through the use of a wiretap, transmitting device, or any other electronic or mechanical means.

*See Myers*, 2009 WL 1014335, at *4-*5.

trial." *Id.*, (citing *United States v. Bagley*, 473 U.S. 667, 675 (1985)).

Second, the Trial Court noted that because Myers had admitted in his § 2255 motion that the government had placed the prescriptions into evidence during its case in chief, the government had therefore not "suppressed" the evidence, and no *Brady* violation had occurred. *Id.* Third, the Trial Court concluded that because the prescriptions at issue had been put into evidence at trial, Myers had ". . . a full opportunity to challenge the veracity of this evidence." *Id.*

The Trial Court rejected Myers' final *Brady* claim, that DEA withheld relevant information from the transcript of its interview with Adam Munson. *Id.* It explained that the redactions about which Myers complained were limited only to the names of individuals discussed in the interview, and that "All other facts that the interviewee provided are unredacted. As such, Myers' argument that the redactions constituted withholding exculpatory evidence is without merit." *Id.*

In his § 2241 petition, Myers also raises the same Sixth Amendment claims which he unsuccessfully asserted in his § 2255 motion. As to these claims, the Trial Court determined that (1) Myers did not show why his counsel's decision not to request a continuance of the trial was unreasonable; (2) Myers failed to allege with any degree of specificity how his counsel had failed to apprise himself of the relevant issues or adequately prepare himself for trial; (3) Myers' counsel's alleged failure at

8

trial to ask certain cross-examination questions about the location of a safe did not amount to a Sixth Amendment violation, and further, that Myers had an opportunity to clarify the issue about the location of the safe when he testified on his own behalf; (4) Myers' counsel's failure to file a motion to suppress evidence obtained during the search of Myer's home was not a Sixth Amendment violation because the search itself did not violate the Fourth Amendment, and the evidence seized during the search was admissible at trial; and (5) Myers voluntarily self-surrendered at sentencing and stated at that time that he had no complaints about his counsel's representation of him in the case. *Id.*, at \*2-\*4.

On appeal, the Fourth Circuit affirmed the Opinion and Order denying Myers' *Brady* and Sixth Amendment claims, finding that Myers had not demonstrated that the Trial Court had made a dispositive procedural ruling which "reasonable jurists" would consider to be "debatable or wrong." *Myers*, 350 F. App'x at 811.

Thus, both the *Brady* and Sixth Amendment claims that Myers asserts in his § 2241 petition are a simply re-hash of the same claims which he previously, and unsuccessfully, asserted in his § 2255 motion. The fact that the Trial Court rejected these same claims when it denied Myers' § 2255 motion, and the fact that the Fourth Circuit affirmed the Trial Court, does not entitle Myers to the extraordinary relief under § 2241. The remedy provided under § 2241 is not an additional, alternative,

9

or supplemental remedy to that prescribed under § 2255, *Charles*, 180 F.3d at 758, and it is not rendered "inadequate and ineffective" where the prisoner presented a claim in a § 2255 motion but was denied relief on the claim. *Id.* at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).

This Court determines that Myers' remedy under § 2255 was not an inadequate or ineffective means by which to challenge his federal detention, and that he is not entitled to relief under § 2241.

### 2. No Claim of Actual Innocence

A § 2241 petitioner may avail himself of the savings clause of § 2255 if he asserts a claim of "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). "Actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). To establish "actual innocence," the movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

As discussed, the Trial Court concluded that no Fifth or Sixth Amendment violations had occurred during Myers' trial, the Fourth Circuit affirmed that

determination, and this Court can not grant relief under § 2241 simply because Myers was unsuccessful on these issues in his § 2255 motion. Finally, Myers cites no retroactively applicable Supreme Court decision which would afford him relief. Therefore, the savings clause of § 2255 does not apply; Myers's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Michael Sepanek, Warden of FCI-Ashland, is **SUBSTITUTED** as the Respondent to this proceeding in place of J.C. Holland, and the Clerk of the Court shall modify the CM/ECF cover sheet to designate Sepanek as the Respondent;

(2) Petitioner Michael Frank Myers's 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No. 2], is **DENIED**;

(3) This action is **DISMISSED**, *sua sponte*, from the docket; and

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Michael Sepanek.

This March 5, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge